UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:                                                         CHAPTER 11

AMW MACHINE CONTROL, INC.                  CASE NO. 16-02157-jtg

                              **Debtors.**
                                                      /          HON. John T. Gregg

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KELLER & ALMASSIAN, PLC AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC*

AMW Machine Control, Inc. ("Debtor"), by and through its proposed counsel, Keller & Almassian, PLC, hereby submits this application (the "Application") for entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Keller & Almassian, PLC as attorneys for the Debtors. In support of this Application, the Debtor relies on the Affidavit of A. Todd Almassian in Support of the Application for an Order Authorizing the Employment and Retention of Keller & Almassian, PLC, as Attorneys for the Debtor (the "Almassian Affidavit"), attached as Exhibit B. In support of this Application, the Debtor respectfully states as follows:

#### JURISDICTION AND BACKGROUND

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § l57(b). Venue is proper before this Court pursuant to 28 U.S.C. §1408 and §1409.

1

2.      The statutory bases for the relief requested herein are §327(a) and §328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

## RELIEF REQUESTED

3.      By this Application, the Debtor seeks approval from the Court to employ and retain Keller & Almassian, PLC, as its attorney to file and prosecute this chapter 11 case and all related matters.  Accordingly, the Debtor respectfully requests that the Court enter an order pursuant to section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules, authorizing the Debtor to employ and retain Keller & Almassian, PLC, as its attorneys to perform certain of the legal services that will be necessary during this chapter 11 case.

4.      The Debtors selected the Firm as its attorneys because of the Firm's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, and because of its expertise, experience, and knowledge in practicing before this Court. In preparing for this Chapter 11 case, the Firm has become reasonably familiar with the Debtor's business affairs as well as many of the potential legal issues that may arise in this bankruptcy case. Accordingly, the Debtors believe that Keller & Almassian, PLC is well-qualified to serve as its co-counsel in this Chapter 11 proceeding, and that the Firm will do so in an efficient and timely manner.

## SERVICES TO BE RENDERED

5.      It is anticipated that the Debtor will continue as debtor-in-possession and, as such, will require the representation of counsel during its Chapter 11 proceedings in order to assist in carrying out its duties pursuant to Chapter 11, which such representations to include, but not be limited to, the following:

a. Advising the Debtor with respect to its rights, powers and duties as debtors and debtors-in-possession in the continued management and operation of its financial affairs and property;

b. Attend meetings and negotiating with representatives of creditors and other parties-in-interest;

c. Advise and consult the Debtor regarding the conduct of this case, including all of the legal and administrative requirements of operating in Chapter 11;

d. Advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

e. Taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions of its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

f. Assist in formulating and prosecuting a Plan of Reorganization and Disclosure Statement, along with all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of a Plan of Reorganization;

g. Appear before this Court and the Office of the United States Trustee, and protect the interests of the Debtor's bankruptcy estate before the court and the Office of the United States Trustee; and

h. Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

## **DISINTERESTEDNESS OF KELLER & ALMASSIAN, PLC**

6. To the best of the Debtor's knowledge, Keller & Almassian, PLC, and its

Principals and Associates:

a. Are not creditors, equity security holders or insiders of the Debtor;

b. Are not and were not, within two years before April 19, 2016 ("Petition Date"), directors, officers or employees of the Debtor; and

c. Do not hold or represent any interest materially adverse to the interest of the Debtor's estate and are not related to any Judge of this Court, the United States Trustee for the Western District of Michigan ("U.S. Trustee") or any employee of the U.S. Trustee in his District.

3

7. Accordingly, the Debtor believes that Keller & Almassian, PLC, is a "disinterested person" within the meaning of §101(14), as modified by §1107(b) of the Bankruptcy Code, and that Keller & Almassian, PLC's representation of the Debtor is permissible under §327(a) and §328(a) of the Bankruptcy Code and is in the best interests of all parties-in-interest.

8. In the event additional disclosure is necessary, Keller & Almassian, PLC will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

## PROFESSIONAL COMPENSATION

9. Pursuant to §328(a) of the Bankruptcy Code, the Debtor may retain Keller & Almassian, PLC on any reasonable terms and conditions. The Debtor submits that the most reasonable terms and conditions are those charged by Keller & Almassian, PLC to the Debtor and other clients on an hourly basis in a competitive market for legal services. Therefore, the Debtor and Keller & Almassian, PLC have agreed that Keller & Almassian, PLC shall be paid its customary hourly rates for services, which rates are in effect from time to time, as set forth in the Affidavit of A. Todd Almassian attached hereto as **Exhibit B**, and that Keller & Almassian, PLC shall be reimbursed according to its customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Michigan, as well as applicable guidelines established by the Office of the U.S. Trustee ("U.S. Trustee Guidelines"), for all services performed and expenses incurred after the petition date.

10. Keller & Almassian, PLC categorizes its billings by subject matter, in compliance with the U.S. Trustee Guidelines. Keller & Almassian, PLC agrees to charge, and the Debtor has

agreed to pay, subject to this Court's approval under §330 and §331 of the Bankruptcy Code, the U.S. Trustee Guidelines, Bankruptcy Rule 2016 and the Local Rules, Keller & Almassian, PLC's hourly rates, as of the Petition Date, which are subject to annual increases, and are as follows: $350.00 per hour for services rendered by Partners in the Firm, $295.00 per hour for services rendered by Associate Attorneys, and $125.00 per hour for Paralegals. Keller & Almassian, PLC is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, and document processing computerized research charges, court fees and transcript costs.

11.  The hourly rates set forth herein are subject to periodic adjustment to reflect economic and other conditions, which adjustments typically occur on January 1 of each year, but may also occur during the calendar year. Other attorneys and paralegals may from time to time serve the Debtor in connection with the matters herein described.

12.  The Firm acknowledges that all amounts paid to Keller & Almassian, PLC during this Chapter 11 case are subject to final allowance by this Court. Keller & Almassian, PLC, therefore, intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules, all orders entered by this Court, for all services performed and expenses incurred after the Petition Date.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Debtor's employment of Keller & Almassian, PLC as counsel to the Debtor pursuant to 11 U.S.C. §327(a) and §238(a) and Fed. R. Bankr. P. 2014(a), *nunc pro tunc*, and granting such other and further relief as the Court deems just and equitable.

        Respectfully Submitted,

        AMW MACHINE CONTROL, INC.

        /s/ Mark A. Williams
        Mark A. Williams
        President

        KELLER & ALMASSIAN, PLC,
        *Proposed Counsel to the Debtor*

Date: <u>April 19, 2016</u>      /s/ A. Todd Almassian
                             A. Todd Almassian (P55467)
                             Greg J. Ekdahl (P67768)
                             230 East Fulton Street
                             Grand Rapids, MI 49503
                             (616) 364-2100
                             ecf@kalawgr.com