UNITED STATES BANKRUPTCY COURT

WESTERN MICHIGAN OF MICHIGAN

In re:

AMW Machine Control Inc.

   Reorganized Debtor.

_____/

Chapter 11
Case No. GG 16-02157
Honorable John T. Gregg

## MOTION OF THE REORGANIZED DEBTOR FOR ENTRY OF AN ORDER ISSUING A FINAL DECREE CLOSING THE CHAPTER 11 CASE

AMW Machine Control Inc. on behalf of itself in the above-captioned case, by and through its undersigned counsel, Keller & Almassian, PLC, herby files this Motion of the Reorganized Debtor for Entry of an Order Issuing a Final Decree Closing the Chapter 11 Case and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 USC § 1334. This is a "core proceeding" pursuant to, without limitation, 28 USC §§ 157(b)(2)(A) and (O). Venue is proper pursuant to 28 USC §1409(a).

### BACKGROUND

2. On April 19, 2016, the Debtor filed a voluntary petition with this Court for relief under Chapter 11 of Title 11 of the United States Code.

3. On February 13, 2017, Debtor filed its Chapter 11 Plan. On March 24, 2017, the Debtor filed its First Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code. On April 12, 2017, the Debtor filed its Second Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan").

1

4. On May 23, 2017 (the "Confirmation Date"), this Court entered its Order Confirming The Debtor's Second Amended Chapter 11 Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Confirmation Order").

5. All conditions precedent to the Effective Date have been satisfied, and the Effective Date occurred on June 22, 2017.

6. All Claims filed in this case have been resolved and the Reorganized Debtor has made distributions pursuant to the terms of the Plan. Attached hereto are Exhibits containing allowed claims and payments made and proposed to be paid.

## **RELIEF REQUESTED**

7. By this Motion, the Reorganized Debtor requests entry of an order issuing a final decree closing the Chapter 11 case pursuant to section 350 of the Bankruptcy Code, Rule 3022 of the Federal Rules of Procedure and Rule 3022 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Michigan.

8. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case[,]" and Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party of interest, shall enter a final decree closing the case."

9. "Entry of a final decree closing a Chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the Court should consider in determining whether the Estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has

been transferred, (4) whether the Debtor or the successor of the Debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved." *In re Federated Department Stores, Inc.,* 43 Fed. Appx. 820 (6th Cir. 2002) (*citing* Bankr. R. 3022 advisory committee's notes (1991)).

10. The aforementioned factors support the closing of the Reorganized Debtor's Chapter 11 case. First, the Confirmation Order has been entered and is final and nonappealable. Second, the deposits required under the Plan have been distributed. Third, any real and personal property that the Plan requires to be transferred has in fact been transferred. Monthly cash distributions required to be made under the Plan have commenced and will be made after this case is closed. The Administrative Claims of Keller & Almassian PLC ($13,933.37) and Heed Law ($8,498.36) were paid on June 22, 2017. The Administrative Claims of Walker Fluke & Sheldon PLC ($482.59) and RD Brown PLC ($5,183.68) were paid on July 24, 2017. The Secured Claim of Williams Family Trust was paid $389.00 and $1,213.00 on June 22, 2017 and will continue to receive monthly payments pursuant to the Plan. The Priority Claim of William Homrich was paid $389.21 on June 22, 2017. The Unsecured Claims were paid a pro rata share of $1,000.00 on June 22, 2017. Fourth, to the extent required under the Plan, the Reorganized Debtor has assumed the management of the property dealt with by the Plan. Finally, all motions and contested matters have been fully resolved. Attached hereto as Exhibits are Debtor's Schedule of Claims Paid and to be Paid Pursuant to its Confirmed Chapter 11 Plan. Exhibit One – Administrative Claims; Exhibit Two – Unsecured Claims; Exhibit Three – Debtor's Statement Demonstrating The Existence of Funding for All Payments Required Upon Confirmation. There will be no matters pending before the Court.

11. The Reorganized Debtor is current on all quarterly fees owed pursuant to 28 USC §1930.  The Reorganized Debtor is current on all monthly reporting requirements with the US Bankruptcy Court. The Reorganized Debtor shall continue to prepare and file its monthly reports timely and pay the US Trustee all quarterly fees due and owing with respect to the same.

12. Because the Reorganized Debtor believes that upon the granting of this Motion the administration of this Chapter 11 case will have been substantially consummated, the Reorganized Debtor requests that this Court enter a final decree closing the Chapter 11 case.

### **NOTICE AND PROCEDURE**

13. Notice of this Motion with an opportunity to object and have a hearing have been given to (a) the United States Trustee; (b) all parties who have filed a Notice of Appearance pursuant to Bankruptcy Rule 2002 in this case; and (c) all interested parties on the Court's Matrix.  The Reorganized Debtor submits that such notice is adequate notice and respectfully submits that no other or further notice is necessary or required.

14. The proposed order has been served on all parties referenced in paragraph 13.

WHEREFORE, the Reorganized Debtor requests that this Court enter the attached Order Issuing a Final Decree Closing the Chapter 11 Case and granting such other and further relief as may be just and proper.

Respectfully Submitted by,

*Counsel for the Reorganized Debtor*
KELLER & ALMASSIAN, PLC

Dated: 8-14-17

/s/ James M. Keller
James M. Keller (P36891)
230 E. Fulton St.
Grand Rapids, MI 49503
(616) 364-2100

4